FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 11, 2025

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WILLIAM FLETCHER, | No. 2:23-CV-00157-MKD |
| Petitioner, | |
| vs. | ORDER DISMISSING AMENDED HABEAS PETITION |
| JEFFREY PERKINS, | **ECF No. 20** |
| Respondent. | |

Before the Court is Petitioner William Fletcher's pro se First Amended Petition under 28 U.S.C. § 2254, ECF No. 20.  The Court has reviewed the briefing and the record and is fully informed.  For the following reasons, the Court dismisses the petition with prejudice.

## BACKGROUND

**A.  Procedural History**

The State of Washington charged Petitioner with one count of first-degree assault for the January 7, 2019, assault of L.R.  ECF No. 35-2 at 47-48.  In an amended information, the State alleged two aggravating circumstances: (1)

ORDER - 1

Petitioner exhibited "deliberate cruelty" toward L.R. and (2) L.R. was "particularly vulnerable or incapable of resistance." *Id.* at 48.

Defense counsel successfully moved for a psychiatric evaluation of Petitioner for this assault case, as well as a prior pending assault case. ECF No. 35-1 at 250-51; *see also* ECF No. 35-2 at 31-41. Jameson C. Lontz, Ph.D. evaluated Petitioner (the "2019 Evaluation") and found that "at the time of alleged offenses occurring on or around [January 7, 2019], [Petitioner] did not experience reduced mental status *as a result of mental* disorder, notwithstanding substance dependence." ECF No. 35-2 at 32. After receiving the Dr. Lontz's 2019 Evaluation, defense counsel decided not to present expert testimony or a diminished capacity defense at trial. *Id.* at 227-29.

During her opening statement, defense counsel stated, "Early in the day, [Petitioner] took a pill because he was not feeling well." *Id.* at 252. The State later called L.R. and elicited testimony from her about Petitioner's drug and alcohol use, including that he asked her for alcohol and drugs. *Id.* at 339-45. The trial court sustained two of defense counsel's objections to this line of inquiry. *Id.* at 339, 341.

After the State rested, it motioned, based on defense counsel's mention of a pill during her opening statement, "to disallow any discussion of a voluntary or involuntary intoxication defense based on the fact that yesterday morning is the

ORDER - 2

first time any of us have ever heard about it or discussed it." *Id.* at 416, 420-21.

The State argued that it had been led to believe that defense counsel was pursuing a

diminished capacity defense based on Petitioner's alleged seizures. *Id.* at 420.

Defense counsel responded:

> [DEFENSE COUNSEL]: Sorry, Your Honor.
> Okay. And Your Honor, I guess I just didn't realize when
> I had made that statement and talked about him having
> taken a pill that that would be considered involuntary
> intoxication. It seems obvious that that was not where I
> was going or where Defense was going in this case. Our
> entire time my entire defense has been . . . . It's always
> been that he doesn't remember. And so when I mentioned
> in opening that [Petitioner] had taken a pill it was not my
> intent to bring up any involuntary intoxication defense.
> My -- it was just to go towards perhaps reasons why he
> doesn't remember. And if that would be something, I
> guess, the jury would have to then weigh the evidence.

*Id.* at 422-23.

The court stated, "It does go toward intent, okay." *Id.* at 423. To which

defense counsel replied, "Yes." *Id.* The court construed the State's motion as a

motion in limine based on lack of proper notice and limited defense counsel's

questions regarding voluntary intoxication. *Id.*

An unnamed senior attorney appearing as a supervisor for defense counsel,

argued that the State had opened to the door to Petitioner being high based on

L.R.'s "allegations of changed behavior," and asked that the defense be allowed to

address this. *Id.* at 425-28. The Court responded:

THE COURT: No, the Court will not do that.  The Defense has not put forward that defense.  They have not called an expert in regards to voluntary/involuntary intoxication.  So, at this time, I do not find the Defense one is timely, nor is it prepared to be put forward in any fashion at this time.  If I had a choice of continuing or the trial -- continuing this trial and doing it again, I decline to do neither.  At this time, I'm going to direct the Defense to limit that questioning.

*Id.* at 428.

Petitioner testified later that day.  *Id.* at 434.  He stated that on the morning of January 7, 2019, he was feeling "[a] little different, not [himself]."  *Id.* at 435.  Petitioner further stated that he remembered going to L.R.'s house and speaking with her.  *Id.* at 435-36.  According to Petitioner he was thinking about grabbing the Swiffer to start cleaning the floors when he began "feeling weird" and experienced an "auras feeling."  *Id.* at 436.  "The next thing [he] kn[e]w," he was being awoken by a deputy across the street from L.R.'s house.  *Id.*

At the close of trial, the trial court struck defense counsel's instruction for a diminished capacity defense, "[a]s it would not be based on the evidence before the [c]ourt."  *Id.* at 455-56.  The court provided jury instructions on the aggravating factors of deliberate cruelty and a victim who was particularly vulnerable or incapable of resistance.  *Id.* at 467-68.

The jury found Petitioner guilty of assault in the first degree and returned special verdicts finding that "[Petitioner]'s conduct during the commission of the

ORDER - 4

crime manifest[ed] deliberate cruelty to the victim" and that "[Petitioner] kn[e]w or should . . . have known that the victim was particularly vulnerable or incapable of resistance." *Id.* at 504.

At sentencing, Petitioner's sentencing range was calculated at 178 to 236 months. *Id.* at 535. The court imposed an above-range sentence of 396 months based in part on the aggravating factors of deliberate cruelty and a victim particularly vulnerable or incapable of resistance. *Id.* at 540.

**B. Direct Appeal**

Petitioner, through counsel, appealed his convictions to the Washington State Court of Appeals ("Court of Appeals"), asserting: (1) "[t]here was insufficient evidence to support the aggravating factor of deliberate cruelty," (2) "[t]here was insufficient evidence to support the aggravating factor of particular vulnerability," (3) "[t]he trial court incorrectly believed the voluntary intoxication defense was an affirmative defense," and (4) "[t]he State's interest in excluding voluntary intoxication evidence did not outweigh [Petitioner]'s constitutional right to present a defense." ECF No. 35-1 at 24. The Court of Appeals rejected Petitioner's arguments and affirmed his conviction for first degree assault with aggravating factors. *Id.* at 110-23.

Petitioner sought discretionary review by the Washington State Supreme Court, raising the following issues:

ORDER - 5

1.    Assault in the first degree necessarily contemplates violent and traumatic conduct that creates a probability of death, or which causes significant serious permanent disfigurement, or which causes a significant permanent loss or impairment of the function of any bodily part or organ.    Does the first degree assault statute necessarily contemplate all pain from no pain to the most pain up to death?

2.    Application of the deliberate cruelty aggravator requires the State to demonstrate the defendant's criminal conduct exceeds what is normally associated with or inherent within the charged crime.    Does the Court of Appeals incorrectly hold [Petitioner]'s criminal conduct was deliberately cruel when he had a demonic look and used a blunt object, striking the victim repeatedly, with enough force to constitute first degree assault?

3.    Application of the deliberate cruelty aggravator requires the State to demonstrate the victim's pain exceeded what is normally associated with or inherent within the charged crime.    Does the Court of Appeals incorrectly hold there is sufficient evidence the victim's pain exceeded what is contemplated by or inherent within the first degree statute, without articulating what the victim's pain was; and when the victim in this case testified her pain was an 8-9 on a scale of ten; and her injuries were severe but non-life threatening?

*Id.* at 131-32.  The Washington State Supreme Court unanimously denied the petition for review, *id.* at 267, and the Court of Appeals issued its mandate on August 16, 2022.  *Id.* at 269.

**C.  Personal Restraint Petition**

On June 28, 2022, while his petition for direct appeal was still pending with the Washington State Supreme Court, Petitioner filed a pro se Personal Restraint

ORDER - 6

Petition with the Court of Appeals. *Id.* at 203-65. Petitioner asserted the following grounds of relief: (1) "abuse of discretion by the trial court when it denied evidence of a seizure disorder based on [Dr. Lontz's 2019 Evaluation] which the court admitted it did not read," and (2) "ineffective assistance of counsel by failing to investigate Dr. Lontz's [2019 Evaluation]. This deficient performance caused prejudice to the defendant by evidence of his seizure disorder not being allowed to be presented to the jury." *Id.* at 205, 206. Pursuant to the Court of Appeals' order, the State supplemented the record with Petitioner's 2019 Evaluation. *Id.* at 371-74; *see also* ECF No. 35-2 at 31-41 (the 2019 Evaluation). Brett Pearce, the assigned special deputy prosecutor, also filed a declaration regarding the evaluation. ECF No. 35-2 at 2-43.[1] The Court of Appeals issued an opinion in which it rejected all three of Petitioner's grounds for relief. *Id.* at 45-59.

Petitioner sought discretionary review by the Washington State Supreme Court presenting the following issues: (1) "Does this Court's opinion in *State v. Clark*, 187 Wn.2d 641 (2017) cover all illness related defenses not amounting to

---

[1] The Court of Appeals ordered the 2019 Evaluation submitted, as it was not filed with the trial court or included in the record on direct appeal. *Id.* at 50. The evaluation regarding Petitioner's 2018 assault (the "2018 Evaluation") was included in the record. ECF No. 35-1 at 239-48.

ORDER - 7

insanity that attack the actus reus, and biproxy, the mens rea of the State's case in chief?" and (2) "Did the Appellate Court Commissioner commit error when dismissing the Personal Restraint Petition . . . as frivolous under Rules of Appellate Procedure (RAP) 16.11(b)?" *Id.* at 68. The Washington State Supreme Court denied Petitioner's motion for discretionary review. *Id.* at 86-87. Petitioner then filed a Motion for Leave to Supplement Motion for Discretionary Review with Medical Records, *id.* at 89-91, and a motion to modify the ruling, *id.* at 93-213. The Washington State Supreme Court denied Petitioner's motions, *id.* at 215, and the Court of Appeals issued a Certificate of Finality on January 4, 2024, *id.* at 217.

### D. The Instant Petition

On May 26, 2023, Petitioner filed a pro se petition under 28 U.S.C. § 2254. *See generally* ECF No. 1. This case was reassigned to this judicial officer, and the Court ordered Petitioner to file an Amended Petition. ECF No. 10. Petitioner filed an Amended Petition, ECF No. 20, the State answered, ECF No. 34, and Petitioner replied, ECF No. 42.

On February 7, 2025, Petitioner filed a "Motion in Letter" stating that he had not received the State's Answer. ECF No. 43. The Court ordered the State to serve Petitioner with a copy of the Answer and allowed Petitioner thirty days after service of the Answer to file a Supplemental Reply, which Petitioner did. ECF Nos. 44, 46.

**LEGAL STANDARD**

Under Section 2254, "a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  Relief may only be granted on a claim that was adjudicated on the merits in state court proceedings if the adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  *Id.* § 2254(d).

"'[C]learly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision."  *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003) (citations omitted).  "[A] federal habeas court may overturn a state court's application of federal law only if it is so erroneous that 'there is no possibility fair[-]minded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents.'"  *Nevada v. Jackson*, 569 U.S. 505, 508-09 (2013) (quoting *Harrington v. Richter*, 562 U.S. 86, 102 (2011)).  A factual determination by a state court is presumed to be correct.  28 U.S.C. § 2254(e)(1).  The applicant

bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." *Id.*  A court may grant habeas relief only if the challenged error caused "actual prejudice" or had "substantial and injurious effect or influence" on the outcome of the case.  *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (quoting *Kotteakos v. United States*, 328 U.S. 750, 776 (1946)); *see also Brown v. Davenport*, 596 U.S. 118, 122 (2022) ("When a state court has ruled on the merits of a state prisoner's claim, a federal court cannot grant relief without first applying both the test [the Supreme] Court outlined in *Brecht* and the one Congress prescribed in AEDPA.").

## DISCUSSION

Petitioner raises four claims in his petition:

1. The State failed to present sufficient evidence for a rational trier of fact to find beyond a reasonable doubt that his conduct during the assault of L.R. manifested deliberate cruelty, in violation of his rights under the Due Process Clause of the Fourteenth Amendment.  ECF No. 20 at 5; ECF No. 20-1 at 4-8.

2. Petitioner received ineffective assistance of counsel in violation of the Sixth Amendment when his trial counsel:

    a. Failed to adequately investigate and present evidence of Petitioner's seizure disorder as a potential defense;

ORDER - 10

  b.  Failed to call expert witnesses to present a diminished capacity defense; and

  c.  Failed to properly challenge that State's motion in limine to exclude evidence of Petitioner's medical conditions.  ECF No. 20 at 5; ECF No. 20-1 at 4, 6, 8-9.

3.  The State violated Petitioner's Fourteenth Amendment right to due process by:

  a.  Using an unqualified psychologist to testify about Petitioner's neurological issues;

  b.  Failing to conduct a proper investigation into Petitioner's alleged seizure disorder; and

  c.  Filing a motion in limine to prevent consideration of valid medical records and witness testimony.  ECF No. 20 at 5; ECF No. 20-1 at 7.

4.  The trial court violated Petitioner's Sixth and Fourteenth Amendment rights to present a defense and to due process when it granted the State's motion in limine to exclude evidence of Petitioner's seizure disorder and other medical conditions, which were relevant to his ability to form the requisite intent for the charged offense.  ECF No. 20-1 at 4-6, 8-11.

ORDER - 11

**A. Exhaustion and Procedural Default**

The State asserts that Petitioner has failed to exhaust Claims 1, 2(c), 3(a), 3(b), 3(c), and 4, and that these claims are now procedurally defaulted. ECF No. 34 at 13-14.

*1. Exhaustion*

A court may not grant an application for a writ of habeas corpus "unless it appears that—(A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). A petitioner has not exhausted a claim for relief "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

To meet the exhaustion requirement, the petitioner must have "'fairly present[ed]' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). "The mere similarity between a claim of state and federal error is insufficient to establish exhaustion." *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) (citing *Duncan*, 513 U.S. at 366). "Moreover, general appeals to broad

constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Id.* (citing *Gray v. Netherland,* 518 U.S. 152, 162-63 (1996)).

a. Claim 1 – Fourteenth Amendment

The State contends that Petitioner did not exhaust Claim 1 regarding the State failing to present sufficient evidence that his conduct manifested deliberate cruelty, because he did not "fairly present" this claim to the Washington State Supreme Court as a federal constitutional claim. ECF No. 34 at 13.

On direct appeal, Petitioner did not alert the Court of Appeals to a federal constitutional claim regarding the insufficiency of the evidence to support the deliberate cruelty aggravator. *See* ECF No. 35-1 at 38-41. Rather, Petitioner focused on RCW 9A.36.011(1), which defines assault in the first degree, and state court cases. *See id.* (citing *State v. Serrano*, 977 P.2d 47, 54 (Wash. Ct. App. 1999); *State v. Stubbs*, 240 P.3d 143, 148-49 (Wash. 2010); *State v. Baird*, 922 P.2d 157, 162-63 (Wash. Ct. App. 1996)) (other citations omitted). Petitioner did cite to *State v. Zigan*, 270 P.3d 625, 601-02 (Wash. Ct. App. 2012) for a standard similar to that used to analyze federal due process claims. *Id.* at 37; *compare Zigan*, 270 P.3d at 601-02 ("[W]e review the evidence in the light most favorable to the State to determine whether any rational trier of fact could have found the presence of the aggravating circumstances beyond a reasonable doubt."), *with*

1  *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) ("[T]he relevant question is

2  whether, after viewing the evidence in the light most favorable to the

3  prosecution, *any* rational trier of fact could have found the essential elements of the

4  crime beyond a reasonable doubt."). However, Petitioner merely cited to *Zigan*

5  without propounding a federal constitutional theory. The Court of Appeals also

6  focused on state law with respect to its decision regarding the deliberate cruelty

7  aggravator. *See* ECF No. 35-1 at 117-19 ("'[Petitioner]'s actions went beyond what

8  is contemplated by RCW 9A.36.011(1).").

9      Petitioner's discretionary review arguments to the Washington State

10  Supreme Court again focused on state law. *Id.* at 139-45 (citing RCW

11  9A.36.011(1); RCW 9A.04.110(4)(c); *Serrano*, 977 P.2d at 54; *Stubbs*, 240 P.3d at

12  148-49; *Baird*, 922 P.2d at 162-63) (other citations omitted).

13      Citing to state cases focused on state law does not provide fair notice to a

14  state court that a petitioner is asserting a specific federal claim. *Anderson v.*

15  *Harless*, 459 U.S. 4, 6 (1982) ("28 U.S.C. § 2254 requires a federal habeas

16  petitioner to provide the state courts with a 'fair opportunity' to apply controlling

17  legal principles to the facts bearing upon his constitutional claim. . . . It is not

18  enough that all the facts necessary to support the federal claim were before the

19  state courts, . . . or that a somewhat similar state-law claim was made.") (citations

20  omitted). Petitioner did not articulate to the state courts a Fourteenth Amendment

Due Process claim that the State failed to present sufficient evidence for a rational trier of fact to find beyond a reasonable doubt that Petitioner acted with deliberate cruelty in his assault of L.R.

Thus, Petitioner did not properly exhaust his Fourteenth Amendment Due Process claim.

### b.  Claim 2(c) – Sixth Amendment

The State contends that Petitioner did not exhaust Claim 2(c) regarding his trial counsel failing to properly challenge the State's motion in limine to exclude evidence of his medical conditions.  ECF No. 34 at 13.

Petitioner did not raise the claim of ineffective assistance of counsel for failing to challenge the State's motion in limine in his direct appeal to the Court of Appeals, *see* ECF No. 35-1 at 19-55, or when seeking discretionary review with the Washington State Supreme Court, *see* ECF No. 35-2 at 67-79.  Instead, in his Motion for Discretionary Review, Petitioner asserted two other ineffective assistance of counsel claims: (1) [c]ounsel failed to adequately investigate and present evidence of Petitioner's seizure disorder as a potential defense; and (2) [c]ounsel failed to call expert witnesses to present a diminished capacity defense. *Id.* at 73-75.

In his Personal Restraint Petition to the Court of Appeals, Petitioner asserted the trial court abused its discretion by excluding evidence of a seizure disorder.

ECF No. 35-1 at 205.  While Petitioner addressed the motion in limine with respect to the trial court's ruling, he did not assert a Sixth Amendment ineffective assistance of counsel claim regarding counsel's failure to object to the motion in limine.  Petitioner's subsequent Motion for Discretionary Review also did not allege ineffective assistance of counsel due to counsel's failure to challenge the State's motion in limine.  ECF No. 35-2 at 67-79, 81-84.

In sum, Petitioner did not articulate in state court a Sixth Amendment claim regarding counsel's failure to challenge the State's motion in limine to exclude evidence of his medical conditions by articulating other Sixth Amendment ineffective assistance of counsel claims—Claims 2(a) and 2(c), *see Poyson v. Ryan*, 879 F.3d 875, 896 (9th Cir. 2018) (dismissing petitioner's ineffective assistance of counsel claim as procedurally defaulted where petitioner presented "a fundamentally new theory of counsel's ineffectiveness" that the state court did not have an opportunity to consider), or by arguing that the trial court abused its discretion under state law.

Petitioner did not properly exhaust this Sixth Amendment ineffective assistance of counsel claim.

c.  Claims 3(a), 3(b), 3(c) – Fourteenth Amendment

The State contends that Petitioner failed to exhaust his prosecutorial misconduct claims—Claims 3(a), 3(b), 3(c).  ECF No. 34 at 13.

ORDER - 16

Petitioner did not raise claims of prosecutorial misconduct in his direct appeal to the Court of Appeals.  Rather, Petitioner asserted that the trial court erred in barring him from presenting evidence of involuntary intoxication.  ECF No. 35-1 at 44-52.  However, Petitioner's argument was framed as a challenge to the trial court's evidentiary rulings—Petitioner did not assert that the State committed prosecutorial misconduct.  *See id.*; *see also Hiivala*, 195 F.3d at 1106 ("The mere similarity between a claim of state and federal error is insufficient to establish exhaustion.") (citing *Duncan*, 513 U.S. at 366).  Nor did Petitioner assert that the State committed prosecutorial misconduct in his Motion for Discretionary Review, which instead focused on deliberate cruelty aggravating factor.  *See* ECF No. 35-1 at 128-45.

Petitioner's Personal Restraint Petition to the Court of Appeals, also did not raise claims of prosecutorial misconduct.  *Id.* at 203-09.  Petitioner's subsequent Motion for Discretionary Review included an Affidavit in which Petitioner asserted that "[t]he [State] committed misconduct when [it] violated the motion in limine by stating in closing arguments that [it] believed petitioner faked his seizure."  ECF No. 35-2 at 77.  However, Petitioner did not include this assertion in his Motion for Discretionary Review itself.  A petitioner "does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in

order to find material." *Baldwin*, 541 U.S. at 32. Furthermore, a petitioner may

not raise a new claim for the first time when seeking discretionary review. *Castille*

*v. Peoples*, 489 U.S. 346, 351 (1989) (holding "that the submission of a new claim

to a State's highest court on discretionary review" did not "constitute[] a fair

presentation").

In sum, Petitioner did not properly exhaust his Fourteenth Amendment

claims of prosecutorial misconduct.

### d. Claim 4 – Sixth and Fourteenth Amendments

The State contends that Petitioner did not exhaust his claim that the trial

court violated his constitutional rights by granting the State's motion in limine to

exclude evidence of his medical conditions, because he did not "fairly present[]"

this claim to the Washington State Supreme Court as a federal constitutional claim.

ECF No. 34 at 13.

In his direct appeal to the Court of Appeals, Petitioner asserted:

> The court improperly granted the State's motion to
> bar [Petitioner] from presenting or eliciting any evidence
> or discussion related to his prior and current substance
> abuse. Specifically, the trial court ruled as a matter of law
> the voluntary intoxication defense required prior notice
> and expert witness testimony. This error violated
> [Petitioner]'s Sixth Amendment right to present a defense.

ECF No. 35-1 at 44. However, the mere mention of the Sixth Amendment is

insufficient to put the state on notice of a federal claim. *See Castillo v. McFadden*,

399 F.3d 993, 1003 (9th Cir. 2005) ("Exhaustion demands more than drive-by citation, detached from any articulation of an underlying federal legal theory."); *Casey v. Moore*, 386 F.3d 896, 913 (9th Cir. 2004) ("We are not persuaded that . . . a vague appeal, bolstered only by state law cases that focused on state procedural or state constitutional error, can be said to have fairly presented federal constitutional issues."). Petitioner also abandoned this claim in his Motion for Discretionary Review, which instead focused on deliberate cruelty aggravating factor. *See id.* at 128-145.

Petitioner's Personal Restraint Petition to the Court of Appeals, raised the claim of abuse of discretion by the trial court in barring evidence of a seizure disorder, but focused solely on the state law abuse of discretion standard. *Id.* at 205 (citing *State v. Powell*, 893 P.2d 615, 624 (Wash. 1995); *State v. Darden*, 41 P.3d 1189, 1192 (Wash. 2002)). In sum, Petitioner did not signify a federal claim to the Court of Appeals, which also focused on state law in its decision regarding the trial court excluding evidence of Petitioner's seizure disorder. *See* ECF No. 35-2 at 52-55. Petitioner's Motion for Discretionary Review to the Washington State Supreme Court also framed the issue of the trial court barring evidence of a seizure disorder in terms of state law. *Id.* at 72-73; *see also Hiivala*, 195 F.3d at 1106.

1    Thus, Petitioner did not exhaust Claim 4 that the trial court violated his Sixth

2    and Fourteenth Amendment rights when it granted the State's motion in limine to

3    exclude evidence of his seizure disorder and other medical conditions with the

4    Washington State Supreme Court.

5    *2.  Procedural Default*

6    Petitioner has not properly exhausted Claim 1, Claim 2(c), Claims 3(a), 3(b),

7    3(c), or Claim 4 and two separate Washington laws bar Petitioner from now

8    presenting these claims to the Washington State Supreme Court.

9    Under RCW 10.73.090(1), "[n]o petition or motion for collateral attack on a

10   judgment and sentence in a criminal case may be filed more than one year after the

11   judgment becomes final if the judgment and sentence is valid on its face and was

12   rendered by a court of competent jurisdiction."  A judgment becomes final on the

13   last of the following dates:

14       (a) The date it is filed with the clerk of the trial court;
         (b) The date that an appellate court issues its mandate
15       disposing of a timely direct appeal from the conviction; or
         (c) The date that the United States Supreme Court denies
16       a timely petition for certiorari to review a decision
         affirming the conviction on direct appeal.  The filing of a
17       motion to reconsider denial of certiorari does not prevent
         a judgment from becoming final.
18
     RCW 10.73.090(3); *see also* RCW 10.73.100 (listing when the one-year limit is
19
     not applicable).
20

Petitioner was sentenced on October 21, 2020.  ECF No. 35-1 at 2.

Petitioner filed a direct appeal with the Court of Appeals on April 22, 2021.  *Id.* at

19.  The Court of Appeals subsequently issued its mandate on August 16, 2022.

*Id.* at 269.  As detailed above, Petitioner has not properly exhausted Claim 1,

Claim 2(c), Claims 3(a), 3(b), 3(c), or Claim 4 and cannot now do so as it has been

more than one year since the Court of Appeals issued its mandate.  Petitioner's

claims are thus procedurally defaulted.

Additionally, under RCW 10.73.140, "[i]f a person has previously filed a

petition for personal restraint, the court of appeals will not consider the petition

unless the person certifies that he or she has not filed a previous petition on similar

grounds, and shows good cause why the petitioner did not raise the new grounds in

the previous petition."  *See also* RAP 16.4(d).  Thus, Petitioner cannot file a

successive collateral challenge.

Petitioner procedurally defaulted on his claims by not presenting them to the

Washington State Supreme Court.  A habeas petitioner who procedurally defaults

on a federal claim in state court is barred from federal habeas review unless: (1)

"the prisoner can demonstrate cause for the default and actual prejudice as a result

of the alleged violation of federal law," or (2) "demonstrate that failure to consider

the claims will result in a fundamental miscarriage of justice."  *Coleman v.*

*Thompson*, 501 U.S. 722, 750 (1991).  To show "cause" for a procedural default, a

1   petitioner must ordinarily demonstrate that some objective factor external to the

2   defense impeded his or his counsel's efforts to comply with the state procedural

3   rule at issue.  *Murray v. Carrier*, 477 U.S. 478, 488 (1986).  To show "prejudice,"

4   a petitioner "must shoulder the burden of showing, not merely that the errors at his

5   trial created a *possibility* of prejudice, but that they worked to his *actual* and

6   substantial disadvantage, infecting his entire trial with error of constitutional

7   dimensions."  *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphases in

8   original).

9        The "miscarriage of justice" exception is limited to habeas petitioners who

10   can show that "a constitutional violation has probably resulted in the conviction of

11   one who is actually innocent."  *Murray*, 477 U.S. at 496.  The petitioner must

12   present new evidence and show that, based upon this new evidence, "it is more

13   likely than not that no reasonable juror would have found petitioner guilty beyond

14   a reasonable doubt."  *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

15        Additionally, in *Martinez v. Ryan*, the Supreme Court established a narrow

16   equitable exception to the general *Coleman* standard for procedurally defaulted

17   claims of ineffective assistance of counsel.  566 U.S. 1, 8-9 (2012).  Under

18   *Martinez*, "[i]nadequate assistance of counsel at initial-review collateral

19   proceedings may establish cause for a prisoner's procedural default of a claim of

20

ineffective assistance at trial." *Id.* at 9.  To establish cause, the petitioner must

show that :

> (1) the underlying ineffective assistance of trial counsel
> claim is "substantial"; (2) the petitioner was not
> represented or had ineffective counsel during the [post-
> conviction relief ("PCR")] proceeding; (3) the state PCR
> proceeding was the initial review proceeding; and (4) state
> law required (or forced as a practical matter) the petitioner
> to bring the claim in the initial review collateral
> proceeding.

*Dickens v. Ryan*, 740 F.3d 1302, 1319 (9th Cir. 2014) (en banc) (quoting *Trevino*

*v. Thaler*, 569 U.S. 413, 423 (2013)).  An ineffective assistance of trial counsel

claim is "substantial" if "the claim has some merit."  *Martinez*, 566 U.S. at 14

(citation omitted).

Here, Petitioner has not alleged any external factor, which prevented him

from properly exhausting Claim 1, Claim 2(c), Claims 3(a), 3(b), 3(c), or Claim 4

in state court.  Nor has Petitioner presented new evidence that creates a colorable

claim of actual innocence of the charge for which he is incarcerated.  *See Franklin*

*v. Johnson*, 290 F.3d 1223, 1231 (9th Cir. 2002) ("When a petitioner's claims are

procedurally barred and a petitioner cannot show cause and prejudice for the

default, however, the district court dismisses the petition because the petitioner has

no further recourse in state court.") (citing *Reed v. Ross*, 468 U.S. 1, 9 (1984)).

Furthermore, the *Martinez* exception does not excuse Petitioner's default of

Claim 2(c).  Regarding the third and fourth prongs, Washington is a state where a

ORDER - 23

claim of ineffective assistance of counsel, as a practical matter, must be brought during post-conviction proceedings. *See Woods v. Sinclair*, 764 F.3d 1109, 1137 (9th Cir. 2014). As to the second prong, Petitioner was not represented in his Personal Restraint Petition (the initial-review collateral proceeding) in the Court of Appeals. However, Petitioner has not shown that his ineffective assistance of counsel claim based on trial counsel failing to challenge the State's motion in limine to exclude evidence of his medical conditions is "substantial."

The Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, a defendant must show that: (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defense." *Id.* at 687. To prove counsel's performance was deficient, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. To prove prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Petitioner alleges his trial counsel was ineffective by failing to challenge the State's motion in limine to exclude evidence of his medical condition. ECF No. 20 at 5; ECF No. 20-1 at 4, 6, 8-9. However, based on the record, counsel's decision not to object to the motion in limine did not fall "below an objective standard of

1    reasonableness." *Strickland*, 466 U.S. at 688.  As noted by the Court of Appeals,

2    Dr. Lontz's 2019 Evaluation concluded that Petitioner was not experiencing

3    reduced mental status "*as a result of mental* disorder" at the time of the alleged

4    assault of L.R.  ECF No. 35-2 at 54.  Because the 2019 Evaluation did not support

5    a mental defense, counsel's decision not to more vigorously challenge the motion

6    in limine to exclude evidence of a medical condition was not deficient.  Further,

7    while the trial court did not allow testimony regarding a seizure disorder, the court

8    did allow testimony as to "present sense impression as far as what they observed

9    and it can be argued for mental state at the time of . . . the alleged offense."  *Id.* at

10    231.

11        Even if this failure constituted deficient performance by counsel, Petitioner

12    cannot demonstrate prejudice.  The Court of Appeals found that the trial court

13    properly excluded evidence of Petitioner's medical conditions as it was "not

14    relevant to [Petitioner's] ability to form intent" and "would have the tendency to

15    mislead the jury."  *Id.* at 54-55.  In sum, Petitioner has failed to demonstrate

16    "cause" to excuse the procedural default of his ineffective assistance of trial

17    counsel claim.

18        Accordingly, the Court dismisses Petitioner's Claim 1, Claim 2(c), Claims

19    3(a), 3(b), 3(c), and Claim 4, as procedurally defaulted.

20

**B. The State Courts' Denial of Petitioner's Unexhausted Claims[2]**

Even if Petitioner could excuse procedural default on Claim 1, Claim 2(c), or Claim 4, Petitioner has not established that the state courts' decisions were "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding[s]" or that they were "contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1), (2).

*1. Claim 1 – Fourteenth Amendment Due Process*

The Court of Appeals denied Claim 1, in which Petitioner asserted his due process rights were violated by the State failing to present sufficient evidence for a rational trier of fact to find beyond a reasonable doubt that his assault of L.R. manifested deliberate cruelty. ECF No. 20 at 5; ECF No. 20-1 at 4-8.

"[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). When evaluating whether the evidence is sufficient to support a conviction, "a reviewing court makes a limited inquiry tailored to ensure that a defendant receives the

_____

[2] As Petitioner did not present Claims 3(a), 3(b), or 3(c) to the Court of Appeals, these claims are not addressed here.

minimum that due process requires: a 'meaningful opportunity to defend' against

the charge against him and a jury finding of guilt 'beyond a reasonable doubt.'"

*Musacchio v. United States*, 577 U.S. 237, 243 (2016) (quoting *Jackson*, 443 U.S.

at 314-15). "The reviewing court considers only the 'legal' question 'whether,

after viewing the evidence in the light most favorable to the prosecution, *any*

rational trier of fact could have found the essential elements of the crime beyond a

reasonable doubt.'" *Id.* (quoting *Jackson*, 443 U.S. at 319). "That limited review

does not intrude on the jury's role 'to resolve conflicts in the testimony, to weigh

the evidence, and to draw reasonable inferences from basic facts to ultimate

facts.'" *Id.* (quoting *Jackson*, 443 U.S. at 319).

In denying Claim 1, the Court of Appeals explained that, under

Washington law, "[t]he focus of the deliberate cruelty aggravator is not the

extent of the victim's injuries; it is instead the infliction of psychological and

emotional pain." ECF No. 35-1 at 118 (citing *State v. Tili*, 60 P.3d 1192,

1202 (Wash. 2003)). The Court of Appeals found that the jury's verdict on

this aggravating circumstance was justified as:

> . . . [Petitioner] did not simply attack [L.R.] in a way
> sufficiently serious to cause great bodily harm. He
> brutalized [L.R.] so that she experienced severe pain and
> psychological trauma. [Petitioner] terrorized [L.R.] by
> beginning his attack with a demonic look. He then
> knocked the phone out of [L.R.'s] hands when she tried to
> call 911 for help. [Petitioner] did not end his attack until
> the candlestick shattered. [Petitioner's] actions were

indicative of someone intent on inflicting not just physical injuries, but gratuitous pain and suffering. [Petitioner]'s actions went beyond what is contemplated by RCW 9A.36.011(1). He was deliberately cruel. The jury's verdict on this measure was justified.

*Id.* at 118-19.

The Court of Appeals reasoning is supported by the trial court record, which shows that L.R. was frightened when Petitioner picked up the candlestick but unable to stand. ECF No. 35-2 at 361-62. L.R. testified that she tried to avoid falling unconscious because she thought that if she "became unconscious he would kill [her]." *Id.* at 362. L.R. also testified that she counted 14 blows before she stopped counting, and that Petitioner only stopped hitting her when the candlestick broke over her head. *Id.* at 362-64. The trial court record also shows the consequences of Petitioner's actions on L.R. Namely, L.R.'s vision never fully returned, she lost her sense of smell, her teeth were broken or knocked out, and she suffered hearing loss and now requires hearing aids. *Id.* at 370-76. She also no longer felt safe living in her house and moved. *Id.* at 375.

In sum, the Court of Appeals' ruling that the evidence was sufficient to support the jury's finding of a deliberate cruelty aggravating circumstance did not amount to a violation of clearly established federal law. *See id.* § 2254(d)(1). Petitioner is therefore not entitled to relief on Claim 1 regarding whether the State failed to present sufficient evidence for a rational trier of fact to find beyond a

reasonable doubt that his conduct during the assault of L.R. manifested deliberate cruelty.

### 2. Claim 2(c) – Sixth Amendment

The Court of Appeals denied Claim 2(c), in which Petitioner asserted his trial counsel was ineffective for failing to properly challenge that State's motion in limine to exclude evidence of Petitioner's medical conditions. ECF No. 20 at 5; ECF No. 20-1 at 4, 6, 8-9.

As detailed above, Petitioner cannot demonstrate that his trial counsel's performance was deficient or that he was prejudiced. *See Strickland*, 466 U.S. at 687. Counsel's decision not to vigorously oppose the motion in limine did not fall "below an objective standard of reasonableness," *id.* at 688, given Dr. Lontz's 2019 Evaluation, which found that Petitioner did not have a mental defense. Nor is the likelihood of a different result "substantial" when the Court of Appeals found that the trial court properly excluded such evidence based on state rules of evidence. *See* ECF No. 35-2 at 54-55. In sum, the Court of Appeals' ruling was not an unreasonable application of clearly established federal law. *See* 28 U.S.C. § 2254(d)(1).

Thus, Petitioner is not entitled to relief on Claim 2(c) regarding ineffective assistance of counsel.

### 3.  Claim 4 – Sixth and Fourteenth Amendments

The Court of Appeals denied Claim 4, in which Petitioner asserted the trial court improperly denied his defense by granting the State's motion in limine to exclude evidence of Petitioner's medical conditions.  ECF No. 20-1 at 4-6, 8-11.

"[T]he Constitution guarantees criminal defendants 'a meaningful opportunity to present a complete defense.'"  *Crane v. Kentucky*, 476 U.S. 683, 690 (1986) (quoting *California v. Trombetta*, 467 U.S. 469, 485 (1984) (other citation omitted).  "The Supreme Court has indicated that a defendant's right to present a defense stems both from the right to due process provided by the Fourteenth Amendment . . . and from the right 'to have compulsory process for obtaining witnesses in his favor' provided by the Sixth Amendment . . . ."  *Moses v. Payne*, 555 F.3d 742, 757 (9th Cir. 2009) (citing  *Chambers v. Mississippi,* 410 U.S. 284, 294 (1973); *Washington v. Texas,* 388 U.S. 14, 23 (1967)).

"A defendant's right to present relevant evidence is not unlimited, but rather is subject to reasonable restrictions[,]" such as evidentiary rules.  *United States v. Scheffer*, 523 U.S. 303, 308 (1998) (citations omitted); *see also Moses v. Payne*, 555 F.3d 742, 757 (9th Cir. 2009).  "[The Supreme Court] ha[s] found the exclusion of evidence to be unconstitutionally arbitrary or disproportionate only where it has infringed upon a weighty interest of the accused." *Scheffer*, 523 U.S. at 308 (citations omitted); *see also Chambers v. Mississippi*, 410 U.S. 284, 302

(1973) ("[T]he accused . . . must comply with established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence.").

In denying Claim 4, the Court of Appeals found that based on both Dr. Lontz's 2018 and 2019 Evaluations, "[Petitioner]'s seizure disorder was not relevant to his ability to form intent and it was properly excluded under ER 401." ECF No. 35-2 at 53-54. The Court of Appeals further found that "even if it could be said that evidence of [Petitioner]'s seizure disorder was relevant, the trial court properly excluded evidence of the seizure disorder under ER 403 because it would have the tendency to mislead the jury." *Id.* at 55. Thus, the Court of Appeals concluded, "[t]he trial court did not abuse its discretion by excluding evidence of [Petitioner]'s seizure disorder." *Id.*

The Court of Appeals' ruling was not an unreasonable application of clearly established federal law. *See* 28 U.S.C. § 2254(d)(1). A defendant does not have a constitutional right to present evidence that is not relevant, *Wood v. State of Alaska*, 957 F.2d 1544, 1550 (9th Cir. 1992), and Dr. Lontz determined that Petitioner "did not experience reduced mental status" at the time of the assault of L.R. ECF No. 35-2 at 54. Further, the trial court in this case found that evidence of a seizure disorder would mislead the jury pursuant to ER 403. ECF No. 35-2 at 54-55. "[T]he Supreme Court has not 'squarely addressed' whether an

'evidentiary rule requiring a trial court to balance factors and exercise its discretion' to exclude evidence . . . itself violates a defendant's 'right to present a complete defense.'" *Sherman v. Gittere*, 92 F.4th 868, 880 (9th Cir. 2024) (quoting *Moses v. Payne*, 555 F.3d 742, 758 (9th Cir. 2009)). And Petitioner does not point to any Supreme Court decisions to the contrary.[3]

Thus, Petitioner is not entitled to relief on Claim 4 regarding a denial of his right to present a defense.

---

[3] To the extent that Petitioner is also making a claim that the trial court denied him the appointment of a defense expert to present a diminished capacity defense, this claim also fails. The Supreme Court has held that "when a defendant demonstrates to the trial judge that his sanity at the time of the offense is to be a significant factor at trial, the State must, at a minimum, assure the defendant access to a competent psychiatrist who will conduct an appropriate examination and assist in evaluation, preparation, and presentation of the defense." *Ake v. Oklahoma*, 470 U.S. 68, 83 (1985); *see also McWilliams v. Dunn*, 582 U.S. 183, 187 (2017). However, the Supreme Court has not clearly established the right to an expert to present a diminished capacity defense and, as detailed above, Petitioner did not "demonstrate[] to the trial judge that his sanity at the time of the offense [wa]s to be a significant factor at trial." *Ake*, 470 U.S. at 83.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20

**C. Claims 2(a) and 2(b) – Exhausted Sixth Amendment Ineffective Assistance of Counsel Claims**

In Petitioner's properly exhausted Sixth Amendment claims of ineffective assistance of counsel, he contends that his counsel failed to pursue a seizure disorder defense and that his counsel failed to call an expert witness to present a dismissed capacity defense.  ECF No. 20 at 5; ECF No. 20-1 at 4, 6, 8-9.  The State asserts that the Court of Appeals' rejection of these claims was not unreasonable.  ECF No. 34 at 57-62.

As noted above, to establish an ineffective assistance of counsel claim, a defendant must show: (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defense."  *Strickland*, 466 U.S. at 687.  However, in the context of a *Strickland* claim evaluated under the "doubly deferential" Section 2254(d)(1) standard, the court does not ask "whether a federal court believes the state court's determination under the *Strickland* standard was incorrect but whether that determination was unreasonable—a substantially higher threshold."  *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)) (quotation marks omitted).  "And, because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard."  *Id.* (citation omitted).

ORDER - 33

*1. Claim 2(a)*

Petitioner contends that counsel was ineffective for failing to pursue a defense based on a seizure discover.  ECF No. 20 at 5; ECF No. 20-1 at 4, 6, 8-9.

In denying Claim 2(a) in Petitioner's Personal Restraint Petition, the Court of Appeals determined that "[Petitioner]'s failure to investigate argument appear[ed] to be based on the fact that the 2019 [Evaluation] was not filed with the trial court and he seem[ed] to assume trial counsel based her decision to forgo a diminished capacity defense based solely on the 2018 [Evaluation]."  ECF No. 35-2 at 56.  The Court of Appeals found this assertion "factually incorrect . . . [b]ased on information supplied by the State, [which showed Petitioner's] defense counsel reviewed a draft copy of the 2019 [Evaluation] sometime before May 8, 2019."  *Id.*  Further, in both evaluations, as well as emails to defense counsel, "Dr. Lontz opined that [Petitioner] had no mental health defense available."  *Id.*  Thus, the Court of Appeals concluded, "[Petitioner's] trial counsel did, in fact, investigate [Petitioner's] seizure disorder and mental status.  She reviewed the [evaluations] prepared by Dr. Lontz and proceeded accordingly."  *Id.*  The Washington State Supreme Court reached the same conclusion in denying Petitioner's request for discretionary review.  *Id.* at 86 ("[C]ounsel engaged a psychological expert who opined that [Petitioner] did not suffer a reduced mental state as a result of a mental disorder at the time of the offense.").

The State courts rulings were not "contrary to or an unreasonable application of clearly established federal law." 28 U.S.C. § 2254(d)(1). Rather, the record demonstrates that counsel made a "strategic choice" not to pursue a diminished capacity defense in light of Dr. Lontz's 2019 Evaluation. *Strickland*, 466 U.S. at 681 ("Because advocacy is an art and not a science, and because the adversary system requires deference to counsel's informed decisions, strategic choices must be respected in these circumstances if they are based on professional judgment.") (citation omitted). Nor has Petitioner established that he was prejudiced by his counsel not pursuing a defense that was not supported by the evidence. *Strickland*, 466 U.S. at 687; *see also Brecht*, 507 U.S. at 637.

Petitioner is thus not entitled to relief on his Sixth Amendment claim of ineffective assistance of counsel due to counsel's failure to pursue a defense based on a seizure disorder.

### 2. Claim 2(b)

Petitioner contends that counsel was ineffective for failing to call expert witnesses to present a diminished capacity defense. ECF No. 20 at 5; ECF No. 20-1 at 4, 6, 8-9.

In denying Claim 2(b) in Petitioner's Personal Restraint Petition, the Court of Appeals determined that "[Petitioner]'s trial counsel noted a possible defense, secured funding from the court, and hired Dr. Lontz to conduct a psychological

ORDER - 35

evaluation of [Petitioner]." ECF No. 35-2 at 57-58. It was only after "Dr. Lontz opined a diminished capacity defense was not available to [Petitioner that] defense counsel reasonably abandoned the defense." *Id.* at 58. In denying Petitioner's request for discretionary review, the Washington State Supreme Court also noted that Petitioner's counsel "engaged a psychological expert" who did not find Petitioner "suffer[ed] a reduced mental state as a result of a mental disorder at the time of the offense." *Id.* at 86

The State courts' decisions were not "contrary to or an unreasonable application of clearly established federal law." 28 U.S.C. § 2254(d)(1). As detailed above, defense counsel made a "strategic choice" not to pursue a defense that an expert had already deemed inapplicable, and Petitioner has not established that he was prejudiced by this choice.

Petitioner is thus not entitled to relief on his Sixth Amendment claim of ineffective assistance of counsel due to counsel's failure to call an expert witness to present a diminished capacity defense.

### E. Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases requires that a district court "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." *See also* Fed. R. App. P. 22(b). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of

the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In weighing a certificate of appealability, "the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck v. Davis*, 580 U.S. 100, 115 (2017) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)).

As explained above, Petitioner has not articulated any principle of clearly established federal law that the state courts' decisions *arguably* contradicted or applied unreasonably. It is therefore implausible that reasonable jurists could disagree as to the sufficiency of Petitioner's constitutional claims or eligibility for habeas relief. In other words, Petitioner has not made a prima facie showing, much less a substantial showing, of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

Accordingly, the Court denies Petitioner a certificate of appealability.

## CONCLUSION

For the reasons stated herein, Petitioner's Section 2254 Petition for Writ of Habeas Corpus is denied.

Accordingly, **IT IS HEREBY ORDERED:**

1.     Petitioner's First Amended Petition under 28 U.S.C. § 2254, **ECF No. 20**, is **DISMISSED with prejudice.**

ORDER - 37

2.      A certificate of appealability is **DENIED**.

**IT IS SO ORDERED**.  The Clerk of Court is directed to file this Order and provide copies to counsel and Petitioner, enter judgment of dismissal with prejudice, and **CLOSE the file**.

DATED June 11, 2025.

_s/Mary K. Dimke_
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE